IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE MUNIZ<br><br>Plaintiff,<br><br>v.<br><br>STÖBER; STÖBER ANTRIEBSTECHNIK GMBH CO. KG; BREYER GMBH MASCHINENFABRIK; KLÜBER LUBRICATION NA LP; ABC, INC. *(I-V)*; AND JOHN DOE *(I-V), BEING FICTICIOUS, JOINTLY, INDIVIDUALLY AND IN THE ALTERNATIVE*,<br><br>Defendants. | CIVIL ACTION<br>NO. 18-4619 |

**<u>MEMORANDUM</u>**

**SCHMEHL, J.**  /s/ JLS                                             **AUGUST 5, 2019**

Plaintiff Jose Muniz brings strict liability and negligence claims under New Jersey law[1] against Defendants STÖBER, STÖBER Antriebstechnik GmbH + Co. KG, BREYER GmbH Maschinenfabrik, Klüber Lubrication NA LP, ABC, INC. (I-V), and John Doe (I-V) (collectively "Defendants"), following Mr. Muniz's injury while using a cross cutting machine. Defendant Klüber Lubrication NA LP ("Klüber") now moves to dismiss the complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and failure to provide a short plain statement under Federal Rule of Civil Procedure 8(a)(2). For the reasons below, Klüber's motion is granted but Mr. Muniz may

---

[1] Mr. Muniz incorrectly cites the New Jersey Code relating to the liability of a manufacturer or seller in a product liability action. N.J.S.A. 2A:58C. This is a products liability/personal injury case based on diversity of citizenship between a Pennsylvania plaintiff and foreign defendants located outside the United States of America. Because no choice of law analysis between New Jersey and Pennsylvania is required, this Court will apply Pennsylvania tort law.

amend his complaint within 30 days from the date of this opinion. If Mr. Muniz fails to amend his complaint within 30 days, the claims against Klüber will be dismissed with prejudice.

I. **BACKGROUND**

On or about December 13, 2016, Plaintiff Jose Muniz sustained serious injuries while using "a cross cutting machine." (ECF Docket No. 1, ¶13.) Mr. Muniz brings this action against Defendants alleging strict products liability and negligence. On Count I, Mr. Muniz alleges Defendants were "engaged in the design, manufacture, fabrication, assembly, sale, lease, repair and/or maintenance of a Breyer Cross Cutting Saw, and/or component parts." (Id. at ¶12.) Mr. Muniz also alleges the Breyer Company Cross Cutting Saw and its component parts "were not reasonably fit, suitable or safe for their intended purpose in that they: (a) deviated from the design specification, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or (b) failed to contain adequate warnings or instructions, or (c) were designed in a defective manner, and therefore, were defective products." (Id. at ¶14.) On Count II, Mr. Muniz alleges negligence against Defendant Palram Americas[2] for allegedly providing the Breyer Cross Cutting Saw to Mr. Muniz and "inherently expos[ing] [Mr. Muniz] to knowing and foreseeable risks of harm by removing, disengaging, suspending, altering, or damaging the machines safety and warning mechanisms." (Id. at ¶17.)

---

[2] It is unclear whether Count II only alleges negligence against now dismissed Defendant Palram Americas, or if it alleges negligence against the remaining Defendants given the "wherefore clause" of Count II names all Defendants. (ECF Docket No. 1, ¶¶16-18.)

On January 24, 2019, Klüber moved to dismiss Mr. Muniz's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and failure to provide a short plain statement of the claim showing the pleader is entitled to relief under Federal Rule of Civil Procedure 8(a)(2). (ECF Docket No. 7.) On November 12, 2018, the parties stipulated to dismiss Mr. Muniz's claims against Defendant SUNTUF, USA. (ECF Docket No. 3.) On December 3, 2018, the parties stipulated to dismiss Mr. Muniz's claims against Defendant Palram Americas. (ECF Docket No. 4.) And on May 24, 2019, the parties stipulated to dismiss the claims against Defendants BREYER GmbH and BREYER Extrusion Lines. (ECF Docket No. 20.)

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

### III.   ANALYSIS

Defendant Klüber contends that Mr. Muniz fails plead a plausible right to relief under Federal Rule of Civil Procedure 12(b)(6). (ECF Docket No. 7, at 3.) Klüber also alleges Mr. Muniz's complaint contains numerous allegations that are not connected to any cause of action and contain conclusory statements in violation of Federal Rule of Civil Procedure 8(a)(2). (Id. at 6-7.) We agree that Mr. Muniz fails to plead a plausible right to relief and fails to provide a short plain statement showing that he is entitled to relief. But, Mr. Muniz is entitled to leave to amend the complaint.

   A. Sufficiency of Allegations for Strict Products Liability under Rule 12(b)(6) and Rule 8(a)

Mr. Muniz's complaint alleges that Klüber, among other Defendants, "engaged in the design, manufacture, fabrication, assembly, sale, lease, repair and/or maintenance of a Breyer Cross Cutting Saw, and/or component parts thereof." (ECF Docket No. 1, ¶12.) Specifically, on December 13, 2016, Mr. Muniz sustained "serious injuries while using a cross cutting machine." (Id. at ¶ 13.) Mr. Muniz contends the Breyer Company Cross

4

Cutting Saw and its component parts were not "reasonably fit, suitable or safe for their intended purpose in that they: (a) deviated from the design specification, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or (b) failed to contain adequate warnings or instructions, or ( c) were designed in a defective manner, and therefore, were defective products." (Id. at ¶14.) As count I of Mr. Muniz's complaint alleges strict liability, we analyze the complaint under this area of tort law.

Pennsylvania adopted Section 402A of the Restatement (Second) of Torts, which "imposes strict liability in tort not only for injuries caused by the defective manufacture of products, but also for injuries caused by defects in their design." *Mracek v. Bryn Mawr Hosp.*, 610 F.Supp.2d 401, 404 (E.D. Pa. 2009) (quoting *Lewis v. Coffing Hoist Div., Duff–Norton Co.*, 528 A.2d 590, 592 (Pa. 1987); *see also Webb v. Zern*, 220 A.2d 853 (1966); *Tincher v. Omega Flex, Inc.*, 628 Pa. 296 (Pa. 2014) (overruling *Azzarello v. Black Bros. Co.*, 391 A.2d 1020 (Pa. 1978); *DeJesus v. Knight Industries & Associates, Inc.*, 599 Fed.Appx. 454, 455 (3d Cir. 2015). Strict liability under Section 402A allows recovery where the injury was caused by a product in "a defective condition unreasonably dangerous to the user or consumer."[3] *Smith v. Howmedica Osteonics Corp.*, 251 F.Supp.3d 844, 847 (E.D. Pa. 2017) (quoting *Phillips v. A–Best Prod. Co.*, 665 A.2d 1167, 1170–71 (Pa. 1995)).

---

[3] Specifically, Section 402A states: "(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property if: (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. (2) The rule stated in Subsection (1) applies although (a) the seller has exercised all possible care in the preparation and sale of his product, and (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller." *Parr v. Ford Motor Co.*, 109 A.3d 682, 688 (Pa. Super. Ct. 2014) (quoting RESTATEMENT (SECOND) OF TORTS, § 402A (1965)).

Under Pennsylvania law, a products liability action requires plaintiff demonstrate that: "(1) the product was defective; (2) the defect existed while the product was in the control of the manufacturer; and (3) the defect was the proximate cause of the plaintiff's injuries." *Mracek*, 610 F.Supp.2d at 404 (citing *Walton v. Avco Corp.*, 610 A.2d 454, 458–59 (Pa. 1992). "A product is defective 'when it is not safe for its intended use.'" *Parr v. Ford Motor Co.*, 109 A.3d 682, 689 (Pa. Super. Ct. 2014) (quoting *Weiner v. American Honda Motor Co., Inc.*, 718 A.2d 305, 308 (Pa. Super. 1998). A manufacturing defect may be established one of two ways: direct or circumstantial evidence. *Smith*, 251 F.Supp.3d at 851 (quoting *Riley v. Warren Mfg., Inc.*, 688 A.2d 221, 224 (Pa. Super. Ct. 1997). Direct evidence requires evidence of "a breakdown in the machine or a component thereof"; and circumstantial evidence requires plaintiff rule out abnormal uses or secondary causes of a malfunction—also known as the "malfunction theory." *Id.* (citing *Rogers v. Johnson & Johnson Prods., Inc.*, 565 A.2d 751, 754 (Pa. 1989); *Riley v. Warren Mfg., Inc.*, 688 A.2d at 224 (1997)).

Mr. Muniz contends that his complaint sufficiently alleges a plausible right to relief as elements of strict products liability are present even if he does not specifically allege every Defendants' conduct in designing or manufacturing the product. In support of this argument, Mr. Muniz cites *Smith v. Howmedica Osteonics Corp.* where this Court denied a motion to dismiss for failure to state a claim under strict liability "because the reasonable inferences supported a cause of action for manufacturing defect," and that this Court did not require "pre-discovery allegations detailing how the product was defective, or specifying each defendant's conduct in designing or manufacturing the product." (Id. at

9.) (citing *Smith*, 251 F.Supp.3d at 851-52). We disagree with Mr. Muniz's analysis of *Smith*.

In *Smith*, this Court determined the plaintiffs plausibly alleged a manufacturing defect strict liability claim because the plaintiff alleged that the defective device "broke down after it was implanted into [plaintiff], where it was subjected to normal and anticipated use, and that there were no reasonable secondary causes." *Smith*, 251 F.Supp.3d at 851-52. Also, plaintiffs plausibly suggested that the product existed at the time it left defendants' control "by the allegation that the product was manufactured and shipped by Defendants to [the hospital], where it was ultimately implanted in [the plaintiff]." *Id.* at 852. And finally, this Court determined the plaintiff plausibly suggested causation by alleging the failure of the defective product "necessitated a subsequent surgery to remove it, as well as a total hip replacement, which gave rise to a secondary infection." *Id.* But, unlike *Smith*, where the plaintiff alleged the defective device broke down after normal use, Mr. Muniz merely alleges he sustained serious injuries while using "a cross cutting machine." Count I fails to allege that the defect existed while the product was in the control of the manufacturer, which is required to state a products liability claim in Pennsylvania. Mr. Muniz's complaint merely provides conclusory allegations regarding an alleged defective product but fails to allege enough facts for this Court to determine whether Mr. Muniz is plausibly entitled to relief.

While Mr. Muniz is correct in arguing that the complaint does not need to specify "how the Breyer cut into the nerves of his hand," the complaint should provide Defendants with adequate notice of the claims against them and the grounds upon which each claim rests in accordance with Federal Rule of Civil Procedure 8(a). *Bartol v. Barrowclough*,

251 F.Supp.3d 855, 859 (E.D. Pa. 2017) (quoting *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015)). Under Federal Rule of Civil Procedure 8(a)(2), a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8. As noted above, Klüber argues Mr. Muniz fails to state a plausible right to relief against the company as the complaint fails to give Klüber adequate notice of the claims against them and the grounds upon which the claim rests. Specifically, the complaint fails to allege how Klüber, "a manufacturer of lubricants, could possibly be said to have engaged in the design, manufacture, fabrication, assembly, sale, lease, repair and/or maintenance of a Breyer Cross Cutting Saw, and/or component parts thereof." (ECF Docket No. 7, at 3.) That Mr. Muniz alleges ten companies—before the stipulated dismissals of four separate companies—"engaged in the design, manufacture, fabrication, assembly, sale, lease, repair and/or maintenance" of the Breyer Cross Cutting Saw does not provide Klüber with sufficient notice of the claims and allegations required to satisfy Rule 8(a).

Rule 12(b)(6) requires us to accept as true all well-pleaded facts and allegations and draw all reasonable inferences in favor of Mr. Muniz. But, Mr. Muniz's complaint merely provides conclusory allegations and the elements required to prove strict products liability. And without more specific allegations, Klüber is unable to determine the grounds upon which Mr. Muniz's claim rests. Mr. Muniz fails to plausibly allege a manufacturing defect

strict liability claim against Klüber and fails to provide a short plain statement upon which the claim rests.

B. <u>Leave to Amend</u>

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" if "the pleading is one to which a responsive pleading is required." Fed. R. Civ. P. 15(a). The court, exercising its discretion, may grant a party the opportunity to amend unless the grounds that "justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997)). An amendment would be futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane*, 213 F.3d at 115 (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434). Determining whether an amendment would be futile requires the same standard of legal sufficiency that applies under Rule 12(b)(6). *Shane*, 213 F.3d at 115 (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434)).

Although we concluded Mr. Muniz fails to plead a plausible right to relief under Rule 12(b)(6), we will grant Mr. Muniz leave to amend his complaint as to any strict liability claims against Klüber which may be viable under Pennsylvania law. While Mr. Muniz's complaint contains numerous conclusory allegations, he does put forth the elements required under Pennsylvania law to state a claim for products liability but lacks proper specificity to satisfy Rule 8(a).

## IV. CONCLUSION

In the accompanying order, this Court grants Defendant Klüber's Motion to Dismiss. Mr. Muniz is unable to plead a plausible right to relief as his complaint merely contains conclusory allegations regarding an injury he suffered while operating "a cross cutting machine." Mr. Muniz's complaint also lacks the specificity required under Rule 8(a) as it fails to give Klüber adequate notice of the grounds upon which the strict products liability claim rests.

Mr. Muniz is granted leave to amend his complaint within 30 days from the date of this opinion and accompanying order. Mr. Muniz shall plausibly allege a strict liability claim against Klüber and shall clarify which Defendants, if any, remain under Count II. If Mr. Muniz fails to amend the complaint within 30 days, the claims against Klüber will be dismissed with prejudice.