IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSE MUNIZ,
                Plaintiff,

v.

STÖBER, *et al.*,
                Defendants.

CIVIL ACTION
No. 18-4619

# ORDER

**AND NOW**, this 7th day of April, 2020, upon review of Defendant Klüber Lubrication NA LP's ("Klüber") "Motion to Dismiss First Amended Complaint" (ECF No. 34) and all supporting and opposing papers, it is hereby **ORDERED** that Defendant's Motion is **GRANTED**.[1] All claims asserted against Klüber are dismissed with prejudice.

---

[1] This action arises from a December 13, 2016 incident in which Plaintiff Jose Muniz was injured by a "cross-cutting saw machine" at his place of employment: Palram, in Wyomissing, Pennsylvania. (ECF No. 32 ¶ 9, 14-17.) Plaintiff alleges that, after warning his superiors of functional issues he experienced while operating the saw, the machine's clamp came down on his hands, preventing him from removing them and causing the machine's blade to "penetrate his upper right extremity. The machine [then] failed to stop after its switches were activated to shut it down." (*Id.* ¶ 16.) As a result of this incident, Plaintiff suffered trauma, including "open fractures to the tissue, muscle, and bones" of his right hand and arm, leaving him with "permanent injuries and restrictions." (*Id.* ¶ 17.)

Moving Defendant, Klüber Lubrication NA LP ("Klüber"), is alleged to be ". . . one of the world's leading manufacturers of high-performance specialty lubricants and services . . . engaged in this District in developing, producing, testing, manufacturing, labeling, marketing, distributing, selecting, promoting and/or selling . . . its specialty lubricants and providing services." (*Id.* ¶ 8.)

Plaintiff brought this action on October 25, 2018 when he filed his initial Complaint. (ECF No. 1.) On January 24, 2019, Klüber filed a Motion to Dismiss, claiming that Plaintiff (1) failed to state a claim under Federal Rule of Civil Procedure 12(b)(6); and (2) failed to provide a short, plain statement of the claim showing that he was entitled to relief under Federal Rule of Civil Procedure 8(a)(2). (ECF No. 7.) This Court granted Klüber's Motion on August 5, 2019, while also granting Plaintiff leave to amend his complaint, finding that Plaintiff was unable to plead a plausible right to relief as his complaint merely contained conclusory allegations against Klüber. (ECF Nos. 25-26.)

Plaintiff then filed an Amended Complaint on August 26, 2019. (ECF No. 32.) In response, Klüber moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a)(2). (ECF No. 34.) We now address this Motion, focusing on the differences between Plaintiff's original Complaint and his Amended Complaint.

To survive a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). To meet this standard, a complaint must plead "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 787. The Third Circuit has developed a three-part framework in this analysis: (1) a plaintiff must present enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements; (2) a plaintiff's claims may not be merely conclusory; and (3) where there are well-pleaded factual allegations, the court should assume their truth and then determine if they plausibly entitle a plaintiff to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787-89 (3d Cir. 2016). In this analysis, the Court must assume all nonconclusory factual allegations to be true, construe those truths in the light most favorable to the plaintiff and draw all reasonable inferences therefrom. *Id.* at 790.

Federal Rule of Civil Procedure 8(a)(2) mandates that a pleading state a claim for relief that provides "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Our Third Circuit Court of Appeals has recognized that fair notice under Rule 8(a)(2) ". . . depends on the [context and] type of case—some complaints will require at least some factual allegations to make out a 'showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 554 (2007)). It has further emphasized "that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 550 U.S. at 555 n.3).

Plaintiff's Amended Complaint asserts four counts, each asserted against all defendants:

I.  Negligence;
II. Strict Liability (Design Defect);
III. Strict Liability (Manufacturing Defect); and
IV. Strict Liability (Failure to Warn).

(ECF No. 32 ¶¶ 18-45.)

We incorporate by reference our Memorandum Opinion granting Klüber's first Motion to Dismiss and will only address Plaintiff's attempts to cure his Complaint's defects as to the assertions against Klüber. (*See* ECF No. 25.) In our Memorandum, we concluded that Plaintiff failed to plead a plausible right to relief under Rule 12(b)(6) as his Complaint merely contained conclusory allegations regarding his injury. (*Id.* at 10.) We further concluded that Plaintiff's Complaint lacked the specificity required under Rule 8(a)(2) to give Klüber adequate notice to defend against Plaintiff's assertions. (*Id.*)

In his Amended Complaint, Plaintiff has modified or added the following factual allegations with regard to his claims against Klüber:

Plaintiff was employed at Palram, in Wyomissing, Pennsylvania, as a Scraper. (ECF No. 32 ¶ 9.) He was employed there for approximately six to seven weeks before his accident. (*Id.* ¶ 10.) As a Scraper, he "was employed to peel film off pallets of plastic sheets, cut the same and other materials in operating a Breyer cross-cutting saw machine." (*Id.* ¶ 11.) Prior to starting this position, Plaintiff was shown a safety video which instructed him, in part, to inform a supervisor if he saw something wrong in the workplace. (*Id.* ¶ 12.)

Several weeks before Plaintiff's accident, he notified his superiors of functional issues with the Breyer cross-cutting saw, including problems with the blade sensors and deactivation switches. (*Id.* ¶ 13.) The morning of his accident, Plaintiff and his co-workers alerted their superiors of an issue with the machine wherein "they would have to continuously power it off and on in order to operate it." (*Id.* ¶ 14.) After reporting these issues, maintenance was called at least twice that day. (*Id.* ¶ 15.) After maintenance left, use of the machine continued, the accident occurred, and Plaintiff suffered his injuries. (*Id.* ¶ 16-17.)

Although these additional factual allegations provide helpful context to this action, they still do not provide Klüber with fair notice of what Plaintiff's claims are against it, or upon what grounds those claims rest. Even taking all of Plaintiff's allegations to be true, he has not provided any factual allegations as to how Klüber "engaged in this District in developing, producing, testing, manufacturing, labeling, marketing, distributing, selecting, promoting and/or selling . . . its specialty lubricants and providing services." (*Id.* ¶ 8.) More importantly, he has not indicated how any conduct allegedly undertaken by Klüber injured him.

**BY THE COURT:**

/s/ Jeffrey L. Schmehl
Jeffrey L. Schmehl, J.

---

Given this, we must grant Klüber's motion to dismiss all counts against it with prejudice.

3