IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE MUNIZ,<br>            Plaintiff,<br><br>v.<br><br><br>STÖBER, *et al.*,<br>            Defendants. | CIVIL ACTION<br>No. 18-4619 |

**MEMORANDUM**

**SCHMEHL, J.  /s/ JLS**                                                                                         **JULY 8, 2020**

     This action arises from a December 13, 2016 incident in which Plaintiff Jose Muniz was injured by a "cross-cutting saw machine" at his place of employment, Palram, in Wyomissing, Pennsylvania.  (ECF No. 32 ¶ 9, 14-17.)  Plaintiff alleges that, after warning his superiors of functional issues he experienced while operating the saw, the machine's clamp came down on his hands, preventing him from removing them and causing the machine's blade to "penetrate his upper right extremity.  The machine [then] failed to stop after its switches were activated to shut it down." (*Id.* ¶ 16.)  As a result of this incident, Plaintiff suffered trauma, including "open fractures to the tissue, muscle, and bones" of his right hand and arm, leaving him with "permanent injuries and restrictions." (*Id.* ¶ 17.)

     Now before the Court is Defendant Stöber Antriebstechnik GMBH Co. KG's ("Defendant") Motion to Dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).  (*See* ECF No. 36.)  Defendant asserts that it is not subject to personal jurisdiction in the Commonwealth of Pennsylvania as it is a German company that "does not

1

conduct any business in the United States of America much less in the Eastern District of Pennsylvania." (*Id.* at 2.) After being granted 45 days to conduct jurisdictional discovery, Plaintiff has failed to present any facts that contest this assertion. (*See* ECF Nos. 38, 45, 48-49.) As such, lacking personal jurisdiction over the moving defendant, we dismiss all claims in this matter against Defendant with prejudice.

I. **LEGAL STANDARD**

Exercising general personal jurisdiction over a defendant is appropriate where a defendant's activities within a state are "so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 318 (1945)). The Supreme Court has clarified that "'. . . the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.'" *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Generally, for corporations, this is the place of incorporation and the corporation's principal place of business, although general jurisdiction may be exercised where a corporation's affiliations with a forum state are so continuous and systematic as to render it essentially at home there. *Daimler*, 571 U.S. at 137-139 (citing *Goodyear*, 564 U.S. at 919).

The exercise of specific jurisdiction, in contrast, turns on the connection between the forum jurisdiction and the underlying controversy; it is limited to issues arising out of or related to the controversy establishing jurisdiction. *Daimler*, 571 U.S. at 919. Indeed, the Supreme Court has long held that, to exercise specific jurisdiction, there must be "some act by which the defendant

2

purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Goodyear*, 564 U.S. at 924 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (holding that an Oklahoma court could not exercise personal jurisdiction "over a nonresident automobile retailer and its wholesale distributor in a products-liability action, when the defendants' only connection with Oklahoma [was] the fact that an automobile sold in New York to New York residents became involved in an accident in Oklahoma."); *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987) (holding that the "substantial connection" between a defendant and the forum, necessary for a finding of minimum contacts, must derive from an action purposefully directed toward the forum state and that "a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.").

Pennsylvania's long-arm statute allows us to exercise jurisdiction over nonresident defendants to the full extent permitted by the United States Constitution. FED. R. CIV. P. 4(k)(2); 42 PA. CONS. STAT. § 5322(b). When a defendant challenges the court's personal jurisdiction, the plaintiff then bears the burden "to come forward with sufficient facts to establish that jurisdiction is proper." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) (quoting *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). To analyze these facts, we rely upon the three-part framework established by our Third Circuit Court of Appeals. First, the plaintiff must show that the defendant purposefully directed its activities at the forum. *Allaham v. Naddaf*, 635 F. App'x 32, 39 (3d Cir. 2015) (citations omitted). Second, the litigation must arise out of or relate to at least one of those activities. *Id.* Third, if the plaintiff

3

fulfills the first two requirements, we may consider whether the exercise of jurisdiction "comport[s] with fair play and substantial justice." *Id.* (quoting *Burger King Corp.*, 471 U.S. at 476.)

## II.  ANALYSIS

### a. Stöber Antriebstechnik GMBH Co. KG is not Subject to General Jurisdiction in the Commonwealth of Pennsylvania

Defendant's argument asserting that it is not subject to general personal jurisdiction in the Commonwealth of Pennsylvania is brief.  (*See* ECF No. 36 at 3-4.)  Defendant argues that it is a German corporation that is headquartered at D-75177 Pforzheim, Kieselbronner Straße 12, Germany.  (*Id*. at 1-2).  Plaintiff does not contest these facts.  (*See* ECF No. 31 ¶ 6.)  Furthermore, Plaintiff has not presented any argument that Defendant could otherwise be regarded as "at home" in Pennsylvania for jurisdictional purposes.  *See Daimler*, 571 U.S. at 137-139 (citing *Goodyear*, 564 U.S. at 919).  As such, we find that Defendant is not subject to general jurisdiction within this Commonwealth.

### b. Stöber Antriebstechnik GMBH Co. KG is not Subject to Specific Jurisdiction in the Commonwealth of Pennsylvania in this Dispute

In its Motion, Defendant further asserts that its ". . . activities/contacts with Pennsylvania are non-existent much less continuous and systematic."  (ECF No. 36 at 3.)  To bolster this argument, the CEO of Defendant company, Patrick Stöber, submitted an affidavit in support, stating the following:

1. Stöber Antriebstechnik GMBH Co. KG is a German manufacturer and developer of drive components: gear units, motors, drive controllers, device and user software;
2. Stöber Antriebstechnik GMBH Co. KG headquarters is located at D-75177 Pforzheim, Kieselbronner Straße 12, Germany;

3. Stöber Antriebstechnik GMBH Co. KG does not have an office or other place of business in the United States of America;
4. Stöber Antriebstechnik GMBH Co. KG does not have employees in the United States of America;
5. Stöber Antriebstechnik GMBH Co. KG does not market, sell, manufacture, distribute, design, and/or assemble any products in the United States of America;
6. Stöber Antriebstechnik GMBH Co. KG does not have any customers in the United States of America;
7. Stöber Antriebstechnik GMBH Co. KG manufactures its products in Germany;
8. Stöber Antriebstechnik GMBH Co. KG sells its products exclusively to international customers, none of whom are located in the United States of America;
9. Stöber Antriebstechnik GMBH Co. KG does not own or lease any property in the United States of America;
10. Stöber Antriebstechnik GMBH Co. KG conducts no banking or other financial transactions in the United States of America;
11. Stöber Antriebstechnik GMBH Co. KG does not advertise in the United States of America;
12. Stöber Antriebstechnik GMBH Co. KG has not incurred or paid any taxes in the United States of America; and
13. Stöber Antriebstechnik GMBH Co. KG has not appointed an agent for service of process in the United States of America.

(ECF No. 36, Ex. A ¶¶ 1-13.)

In his response, Plaintiff did not contest any of these assertions, but rather requested a period of jurisdictional discovery. (ECF No. 38 at 26.) In so doing, Plaintiff argued that it would be ". . . unfair to Plaintiff for that single affidavit to serve as the sole basis to establish lack of personal jurisdiction." (*Id.*) Accordingly, on April 1, 2020, the Court granted the parties 45 days to ". . . conduct jurisdictional discovery as to Defendant Stöber Antriebstechnik GMBH Co. KG . . ."[1] (ECF No. 45, ¶ 1.) The Court further granted that the ". . . parties may serve discovery requests and depose Patrick Stöber, the CEO of Defendant Company whose affidavit was submitted in support of Defendant's Motion." (*Id.*, ¶ 2.)

When requesting jurisdictional discovery, Plaintiff assured the Court that he was ". . . not

---

[1] This Court's Order granting a 45-day period of jurisdictional discovery was issued on April 1, 2020. (*See* ECF No. 45.) Thus, the jurisdictional discovery period closed on May 16, 2020.

asking the Court to go on a fishing expedition, but merely . . ." asking for time to obtain more information relevant to the jurisdictional analysis. (ECF No. 38 at 26.) However, Plaintiff's fishing boat never left the dock. In a telephone conference held on July 1, 2020—91 days after jurisdictional discovery was granted—Plaintiff's counsel confirmed that no jurisdictional discovery had taken place.

As such, we find that Plaintiff has presented no facts to rebut the proposition that this Court lacks personal jurisdiction over Defendant. Plaintiff has not shown that Defendant has any contacts, let alone systematic and continuous contacts, with Pennsylvania or the United States of America. As such, we grant Defendant's motion and dismiss all claims asserted against it with prejudice.[2]

### III.   CONCLUSION

For the foregoing reasons, we grant Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and dismiss all claims asserted against Stöber Antriebstechnik GMBH Co. KG with prejudice. An appropriate Order follows.

---

[2] On May 28, 2020, Plaintiff's counsel submitted a letter to this Court requesting that Defendant be ". . . dismissed without prejudice from the case at this time, in the event [that] facts unveiled through discovery warrant bringing them back into this matter." (ECF No. 48 at 1-2.) In a letter dated the following day, Defendant's counsel responded noting that Plaintiff's letter ". . . fail[ed] to address why Stöber Antriebstechnik GMBH Co. KG should not be dismissed with prejudice." (ECF No. 49.)

We agree with Defendant that Plaintiff has presented no facts or legal argument that would justify dismissing Defendant *without* prejudice. Plaintiff's failure to conduct discovery does not constitute an appropriate basis to do so.

6